# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID J. LOVELAND,

        Plaintiff,

v.                                                          Case No. 10-CV-811

STEPHEN CENTINARIO, JR., and
DONALD A. HAHNFELD,

        Defendants.

## ORDER ON PLAINTIFF'S REQUEST TO PROCEED
## IN FORMA PAUPERIS

On September 20, 2010, plaintiff David J. Loveland, who is proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Stephen Centinario, Jr., a prosecutor, and Donald A. Hahnfeld, a private attorney hired by the plaintiff to represent him in a previous matter. The plaintiff is alleging that the defendants conspired together to deprive the plaintiff of his liberty. The plaintiff is seeking removal of the felony conviction from his record, the restoration of all constitutional rights, and $2,000,000.00 in damages. This matter comes before the court on the plaintiff's motion to proceed in forma pauperis. (Docket #2).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited, however. Congress recognized that some nonpaying

litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence indicating that he is unemployed and has a monthly income of $845.00. The plaintiff avers that he has $5.00 in checking or savings accounts and that his monthly expenses are $777.00. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a).

The court must also determine whether the claim is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Defendant Stephen Centinario, Jr., is a prosecutor and is, therefore, immune from suit in his individual capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (prosecutors are absolutely immune for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process"). Further, because he is a state employee, any suit against him in his official capacity is barred by the Eleventh Amendment. *Omegbu v. State of Wis. Elections Board*, 2007 WL 419372 (E.D. Wis. Feb. 1, 2007) (district attorneys are state employees in Wisconsin). This court notes that the plaintiff previously filed a civil rights lawsuit

against this same defendant, which was dismissed by United States District Judge Rudolph T. Randa for the same reason on June 29, 2010.

The second defendant, Donald A. Hahnfeld, is a private attorney who was hired by the plaintiff. "A claim may be brought under § 1983 only if the defendant acted 'under color' of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 835 (1982) (citing 42 U.S.C. § 1983). It is not necessary that defendant Hahnfeld be an officer of the state in order to act under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "It is enough that [the defendant] is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Id.* at 27-28. This is true even where the state agent with whom the defendant was "jointly engaged" is immune from suit under § 1983. *Id.*

In *Dennis*, the plaintiff sued private persons, a corporation, and a state judge under § 1983 for conspiring to illegally issue an injunction in violation of the due process clause. The judge was properly dismissed from the suit on immunity grounds. With respect to the remaining defendants, the court found that "[i]t does not follow, however, that the action against the private parties accused of conspiring with the judge must also be dismissed," and the suit against them was allowed to proceed. *Id.* at 27. Therefore, even though defendant Centinario is immune from suit as a prosecutor and defendant Hahnfeld is not an agent or officer of the state,

defendant Hahnfeld may properly be a defendant in a conspiracy action under § 1983.

However, courts have held that "mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive" dismissal. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Circuit 1998). In *Fries*, the plaintiff sued private attorneys under § 1983 for conspiring with a judge to deprive him of his property without due process of law. The court recognized that the private parties could be sued under § 1983, but the complaint was dismissed because "[n]othing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between [the judge] and the defendants." *Id.* Given the plaintiff's failure to demonstrate a general understanding between the defendants and the state actor in the complaint, the court found that the plaintiff had failed to demonstrate that the defendants acted under color of law.

In this case, like in *Fries*, the complaint consists of nothing more than "mere allegations" of conspiracy and nothing to indicate "joint action, concerted effort, or even a general understanding" between the prosecutor and defendant Hahnfeld. *Id.* Accordingly, this court finds that the complaint does not establish the state action necessary for a suit under § 1983 and must be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge